# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. JOHNSON,<br><br>               Petitioner,<br><br>vs.<br><br>DEBRA DEXTER, Warden,<br><br>               Respondents. | Civil No.  08-0956 WQH (WMc)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, Kevin A. Johnson, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis. The Court does not rule on Petitioner's request to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

## **PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his May 9, 1990 conviction in San Diego Superior Court case No. CR105960. On August 19, 2005, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 05cv1655 LAB (POR). In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. CR105960 as well. On July 6, 2006, this Court dismissed the petition as untimely. (*See* Order filed July 6, 2006 in case No. 05cv1655 LAB (POR) [Doc. No. 20].) Petitioner filed a notice of appeal on July 20, 2006, and this Court denied Petitioner a Certificate of Appealability ("COA") on August 14, 2006. (*See* Doc. Nos. 22-24.)

Petitioner filed a request for a COA in the Ninth Circuit Court of Appeals, which that Court denied on June 11, 2007. (*See* Doc. No. 27.)[1]

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. A dismissal for failure to comply with one-year statute of limitations, however, renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b). *See Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005). Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION or MOTION UNDER 28 U.S.C. § 2254**.

**IT IS SO ORDERED.**

DATED: June 4, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] Petitioner also filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the same conviction in case no. 97cv0017 K (LSP). That case was dismissed because Petitioner had failed to exhaust his state court remedies, which is not a basis for finding a subsequently filed petition successive under 28 U.S.C. § 2244(b)(3)(A). *See In re Turner*, 101 F.3d 1323, 1323 (9th Cir.1997).